O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KATHY PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-05-00019 |
| | § | |
| JIM HOGG COUNTY, *et al*., | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before the Court is Defendant Jim Hogg County's Motion for Summary Judgment as to Plaintiff Kathy Perez's § 1983 civil rights and state tort claims. [Doc. No. 29]. After due consideration of the record and governing law the Court GRANTS in part Defendant's Motion for Summary Judgment, and DISMISSES the remainder of Plaintiff's claims for lack of subject matter jurisdiction under 28 U.S.C. § 1331.

### I.    Procedural Background and Relevant Facts

Plaintiff Kathy Perez was an employee of Defendant Jim Hogg County—specifically, an employee of the county Food Pantry—when the acts giving rise to this cause of action took place. [Doc. 22-3, ¶ 8]. In her complaint, Perez alleges that on June 11, 2003, at the Jim Hogg County Food Pantry, Defendant Ricky Alaniz, a Hogg County Commissioner, intentionally and with willful disregard of Perez's wishes "put his hand on Perez's waist and then slid it down and held his hand onto [sic] her buttocks." [Doc. No. 25]. In her original complaint, Perez included the sworn statements of three witnesses to the conduct in question. [Doc. No. 1].

In her Second Amended Original Complaint filed on August 8, 2005, Plaintiff sued both

Defendants Jim Hogg County and Ricky Alaniz, both in his official and individual capacities, for the state torts of assault and intentional infliction of emotional distress. [Doc. No. 22-3, ¶¶ 32-34]. Additionally, Perez sued Defendant Jim Hogg County under 42 U.S.C. § 1983, claiming that Jim Hogg County, under the color of state law, deprived her of her substantive due process and equal protection rights under the Fourteenth Amendment to the U.S. Constitution, [Doc. No. 22-3, ¶¶ 26-31]. Plaintiff also sued Jim Hogg County for sexual harassment under Chapter 21 of the Texas Labor Code § 21.001, [Doc. No. 22-3, ¶ 20].

Defendant Jim Hogg County moved for summary judgment on December 8, 2005. [Doc. No. 29-1]. Perez failed to file a response to Defendant's summary judgment motion within 20 days as required under local rules 7.3 and 7.4. Therefore, for the purposes of disposing of this motion, the Court will look only to Plaintiff's Second Amended Original Complaint, filed on August 8, 2005, and all other evidence properly before the Court, to determine if Jim Hogg County has met its burden for summary judgment.[1] This Court has jurisdiction over the cause under 28 U.S.C. § 1331.

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263

---

[1] As the federal courts have made clear, Rule 56 "does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). When evidence "exists in the summary judgment record but the non-movant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004).

(1986). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 261. The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Assuming no genuine issue exists as to the material facts, the Court will then decide whether the moving party shall prevail solely as a matter of law. *Id.* The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III.   Discussion

Perez sued Defendant Jim Hogg County under 42 U.S.C. § 1983, which provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Therefore, in order to recover under § 1983, a plaintiff must show, first, that some person has deprived her of a federal right and, second, that the person who deprived her of that right acted under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Additionally, when seeking to hold a municipality liable for the alleged constitutional deprivation in question, a plaintiff must also show a "direct causal connection between the municipal action and the deprivation of federal rights." *Monell v. Dept. of Socail Serv.'s*, 436 U.S. 658, 694

(1978). The U.S. Court of Appeals for the Fifth Circuit has interpreted *Monell* to mean that a plaintiff must show "(1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Piotrowski v. Houston*, 237 F.3d 567, 578 (5th Cir. 2001). One way in which a plaintiff may establish the required nexus between the unconstitutional conduct and municipal policy is by demonstrating a "custom which, even if not formally approved by an appropriate decision maker, may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law."[2] *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

## A. Municipal Liability

Assuming for the moment that Plaintiff can point to a specific constitutional deprivation, she nevertheless fails to identify any cognizable basis for municipal liability. However, the Court will assume, based on her accusation that the County was made aware of the incident in question, that Perez alleges a "custom" that was the proximate cause of her constitutional injury. Thus, Perez must establish "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton v Harris*, 489 US 378, 385 (1989).

Notwithstanding the Court's willingness to read the allegation of custom into her complaint, Perez provides no evidence whatsoever on which a reasonable fact finder may premise Jim Hogg County's liability. Indeed, as established by the Supreme Court in *Adickes v. S. H. Kress & Co.*, a "custom" for the purposes of 42 U.S.C. § 1983 liability must have "the force of law by virtue of the *persistent* practices of state officials." 398 U.S. 144, 167 (1970) (emphasis added).

---

[2] The Supreme Court recently reiterated that counties, like municipalities, do not enjoy sovereign immunity under the Eleventh Amendment. *Northern Ins. Co. v. Chatham County*, 126 S. Ct. 1689, 1693-94 (2006). Therefore, the Court herein applies the same analysis to Perez's claim of county liability as would be appropriate in cases of alleged "municipal" liability.

Perez does not allege "persistent practices," or even a *pattern* of culpable conduct on the part of Jim Hogg County, but rather a seemingly spontaneous incident in which an employee of Jim Hogg County allegedly inappropriately touched her. Perez does claim that "Defendant knew or should have known about the harassment and failed to take prompt remedial action." [Doc. No. 4]. However, she has failed to present any evidence that suggests that Jim Hogg County was aware of any sexual harassment *before* the injurious incident took place. Such evidence is inherently necessary to establish municipal liability because, without it, a Plaintiff simply cannot show that the municipality's failure to act was the proximate cause of her constitutional injury. Perez cannot satisfy her summary judgment evidentiary burden because she has not presented a scintilla of evidence of the County's tacit approval of, or indifference toward, improper behavior on the part of its employees.[3] Furthermore, Plaintiff's allegation of a single instance of impropriety, without anything more, precludes her as a matter of law from demonstrating the existence of "persistent practices of state officials" that have "the force of law." As the U.S. Court of Appeals for the Fifth Circuit has made clear, "[a] customary municipal policy cannot ordinarily be inferred from [a] single constitutional violation." *Piotrowski*, 237 F.3d at 578.

**B. Substantive Due Process and Equal Protection**

Even if Perez were able to establish the existence of a custom on the part of Jim Hogg County, she must also be able to specify a cognizable right secured to her by the "Constitution and laws" of the United States of which Defendants deprived her. After all, § 1983 is not itself

---

[3] In her complaint, Plaintiff directs the Court to exhibits 3, 4, 5, and 6, filed with Perez's Original Complaint, which purportedly evidence the County's knowledge of Alaniz's conduct. [Doc. 22-3, ¶ 18]. These exhibits are merely statements made by witnesses to the incident in question. The Court fails to see how a reasonable fact finder based on this evidence could infer the County's persistent awareness of improper behavior on the part of its employees.

a source of substantive rights, but rather a method for vindicating rights elsewhere conferred by the Constitution and federal statutes. *Baker v. McCollan* , 443 US 137, 145 (1979). In her complaint, Perez fails to specify any right secured by federal law or the Constitution, the violation of which may serve as a basis for recovery. Rather, she alleges facts that sound in traditional tort and seemingly expects it to follow that such allegedly injurious conduct gives rise to the deprivation of an abstract liberty interest. However, "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law . . . a [r]emedy for the latter type of injury must be sought in state court under traditional tort law principles." *Id.* at 146.

This deficiency in Perez's complaint is especially relevant within the context of a substantive due process claim. Substantive due process, as opposed to procedural due process, is the theory that the Fourteenth Amendment to the U.S. Constitution protects certain "fundamental liberty interests" from deprivation by the government, regardless of the procedures  provided. *Chavez v. Martinez* , 538 U.S. 760, 775 (2003). *See also  Loving v. Virginia* , 388 U.S. 1 (1967) (right to marry); *Meyer v. Nebraska* , 262 U.S. 390 (1923) (right to direct the education and upbringing of one's children); *Griswold v. Connecticut*  , 381 U.S. 479 (1965) (right to  marital  privacy); *Eisenstadt v. Baird* , 405 U.S. 438 (1972) (right to use contraception); *Roe v. Wade* , 410 U.S. 113 (1973) (right to have an abortion via the right to privacy). As suggested by these examples of established substantive due process rights, in order to state a cognizable substantive due process violation, Perez must provide a "careful description" of the asserted fundamental liberty interest allegedly violated. *Id.* "Vague generalities . . . will not suffice". *Id.* at 776. Again, Perez has failed to point to any liberty interest in her complaint. She merely makes the conclusory claim, almost as an afterthought,

that the facts alleged in her complaint, if true, demonstrate a substantive due process violation. This does not satisfy a non-movant's obligation to "identify specific evidence in the record, and articulate the precise manner in which that evidence support[s] [her] claim." *Forsyth v. Barr* , 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman* , 954 F.2d 1125, 1131 (5th Cir. 1992)). Certainly, the facts alleged in the complaint, if true, may give rise to a legitimate legal claim and perhaps warrant a swift legal remedy. However, "[o]nly fundamental rights and liberties which are 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty' qualify" for the protection afforded by substantive due process. *Id.* at 775 (quoting *Washington v. Glucksberg* , 521 U.S. 702, 721 (1997)).

For the reasons stated above, Perez's equal protection claim suffers from the same infirmities as her substantive due process claim. Indeed, in order to show an equal protection violation under § 1983, a plaintiff, in addition to satisfying the basic requirements discussed above, must prove that the state action in question was motivated by a "discriminatory purpose." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.* , 538 U.S. 188, 194-95 (2003). Perez has failed to provide any evidence that Jim Hogg County intended to discriminate against her on the basis of her sex, or any other basis for that matter. No reasonable fact finder could conclude based on the facts alleged that Jim Hogg County intended to discriminate against Perez on account of her sex.

Therefore, because Perez has failed to provide minimal evidence which can serve as the basis for a verdict in her favor, and because Defendant Jim Hogg County is entitled to judgment as a matter of law, Defendant's Motion for Summary Judgment as to Perez's substantive due process and equal protection claims is **GRANTED**.

Perez's § 1983 claims served as the sole basis for pendant jurisdiction in this case. As the

Supreme Court made clear in *United Mine Workers v. Gibbs* , "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. 715, 726 (1966). Unnecessary adjudication of state legal issues "should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* Since this Court grants Jim Hogg County's Motion for Summary Judgment as to all of Perez's federal claims, it dismisses her state claims for lack of subject matter jurisdiction. Therefore, Perez's sexual harassment claim under Chapter 21 of the Texas Labor Code, as well as her tort claims of assault and intentional infliction of emotional distress, are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DONE this 26th day of July, 2006, in Laredo, Texas.

Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**