O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| KATHY PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-05-00019 |
| | § | |
| JIM HOGG COUNTY, *et al*., | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Pending before the Court is Defendant Ricky Alaniz's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, as to Plaintiff Kathy Perez's tort claims of assault and intentional infliction of emotional distress. [Doc. No. 28]. Upon due consideration of the parties' arguments and the governing law, the Court GRANTS Defendant's Motion to Dismiss.

Plaintiff Kathy Perez was an employee of Defendant Jim Hogg County--specifically, an employee of the county Food Pantry--when the acts giving rise to this cause of action took place. [Doc. 22-3, ¶ 8]. In her complaint, Perez alleges that on June 11, 2003, at the Jim Hogg County Food Pantry, Defendant Ricky Alaniz, a Hogg County Commissioner, intentionally and with willful disregard of Perez's wishes "put his hand on Perez's waist and then slid it down and held his hand onto [sic] her buttocks." [Doc. No. 25]. In her original complaint, Perez included the sworn statements of three witnesses to the conduct in question. [Doc. No. 1].

In her Second Amended Original Complaint filed on August 8, 2005, Plaintiff sued both Defendants Jim Hogg County and Ricky Alaniz for the state torts of assault and intentional infliction of emotional distress. [Doc. No. 25, ¶¶ 32-34]. Additionally, Perez sued Defendant Jim Hogg County under 42 U.S.C. § 1983, claiming that Jim Hogg County deprived her of her

substantive due process and equal protection rights under the Fourteenth Amendment to the U.S. Constitution, [Doc. No. 25, ¶¶ 26-31]. Plaintiff also sued Jim Hogg County for sexual harassment under Chapter 21 of the Texas Labor Code § 21.001. [Doc. No. 25, ¶ 20].

On December 8, 2005, Defendant Jim Hogg County moved separately for summary judgment, which the Court granted as to Perez's § 1983 federal claims. The Court then dismissed without prejudice Perez's remaining state claims for lack of subject matter jurisdiction under 28 U.S.C. § 1331, as Plaintiff's § 1983 claims served as the sole basis for pendant jurisdiction. Likewise, Perez's § 1983 claims against Jim Hogg County justified pendant jurisdiction over her common law state tort claims against Alaniz. With the dismissal of her § 1983 claims went the subject matter jurisdiction of this Court over Perez's claims against Alaniz. As the Supreme Court made clear in *United Mine Workers v. Gibbs*, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. 715, 726 (1966). Unnecessary adjudication of state legal issues "should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* Therefore, Perez's state tort claims of assault and intentional infliction of emotional distress against Defendant Ricky Alaniz are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under 28 U.S.C. § 1331.

IT IS SO ORDERED.

DONE this 26th day of July, 2006, in Laredo, Texas.

Micaela Alvarez
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**